UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIDIA VAIL LUCAS, et al., | Case No. 18-cv-07763-JCS (JST) |
| Plaintiffs, | |
| v. | **TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| KIRSTJEN NIELSON, et al., | |
| Defendants. | Re: ECF No. 3 |

Now before the Court is Petitioners' application for a temporary restraining order ("TRO"). The Court will grant the application.

## I.      FACTUAL BACKGROUND[1]

Petitioners are Lidia Vail Lucas and her two minor children, E.L (age 11) and D.L. (age 13). Petitioners are indigenous natives of Guatemala. They fled that country in 2015 and have resided continuously in Northern California since then. The Petitioners previously sought asylum in the United States. On October 26, 2016, an Immigration Judge denied the asylum claim, and ordered the Petitioners removed to Guatemala. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's decision on June 13, 2017. The Ninth Circuit Court of Appeals dismissed the Petitioners' appeal on December 21, 2017.

On November 16, 2018, the lead Petitioner presented herself at the local ICE office in order to submit a change of address form. ICE subsequently placed an ankle bracelet on her in fear of her fleeing. On December 14, 2018, ICE ordered the Petitioners to leave the country by December 28, 2018. In order to avoid detention, the Petitioners bought plane tickets to show their

---

[1] The Court takes the following facts from the Petition for Habeas Corpus. ECF No. 1.

United States District Court
Northern District of California

1     intent to leave the country. The Petitioners turned in this evidence to ICE on December 21, 2018.

2          On December 18, 2018, the Petitioners filed a Motion to Reopen before the BIA, along

3 with a motion for a stay of removal, based on the Immigration Judge's lack of jurisdiction to order

4 the Petitioners removed due to deficient Notices to Appear ("NTAs"). The NTAs did not contain

5 the date and time at which the proceedings would be held, as required by statute. 8 U.S.C.

6 § 1229(a)(1)(G)(i) (requiring that a notice to appear "specify[] . . . [t]he time and place at which

7 the proceedings will be held").

8          Petitioners currently have a pending motion to reopen before the BIA seeking to reopen

9 and rescind Petitioners' removal order. Petitioners contend that the NTAs' failure to include the

10 date and time of their hearing rendered the NTAs invalid and deprived the Immigration Judge of

11 jurisdiction to enter a removal order, citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018); *see also* 8

12 U.S.C. § 1229(a)(1)(G)(i); 8 C.F.R. § 1003.14 ("*Jurisdiction vests*, and proceedings before an IJ

13 commence, when a charging document is filed with the Immigration Court by the Service."

14 (emphasis added)). That motion is currently pending.

15          On December 21, 2018, Petitioners recently attempted to turn in a stay of removal

16 application in anticipation of hernia surgery that Petitioner Lidia Vail Lucas was scheduled to

17 undergo on December 24, 2018. Lead Petitioner has now had the surgery as scheduled and is

18 undergoing recovery. Her doctor recommends that she not travel by plane until January 7, 2019.

19 Notwithstanding Petitioner's need to undergo surgery, ICE refused to accept the Petitioners'

20 application for a stay of removal. ICE will detain the Petitioners and forcefully remove them from

21 the United States if they do not board the plane on December 28, 2018.

22          Petitioners now bring a petition for habeas corpus. They allege that removing them from

23 the United States prior to adjudication of their petition to reopen would violate statutory and case

24 law and that it would violate their right to due process.

25          They also seek a temporary restraining order preventing the Government from removing

26 them until their habeas corpus petition can be heard.

27    **I.      JURISDICTION**

28          A federal district court may issue an injunction to preserve the status quo even when

1    subject matter jurisdiction is disputed or unclear.  *United States v. United Mine Workers of Am.*,

2    330 U.S. 258, 293 (1947).  At least one other court in this district has concluded that,

3    notwithstanding 8 U.S.C. § 1252, it has jurisdiction to consider a petition for a stay pending the

4    BIA's adjudication of a motion to reopen where the BIA itself has denied a stay.  *See Gbotoe v.*

5    *Jennings*, No. C 17-06819 WHA, 2017 WL 6039713, at \*4 (N.D. Cal. Dec. 6, 2017).  And another

6    court has suggested that the same rationale would apply where, as here, the BIA has failed to rule

7    on the petitioner's motion for a stay pending adjudication of the motion to reopen.  *See Sied v.*

8    *Nielsen*, No. 17-CV-06785-LB, 2018 WL 1142202, at \*9 (N.D. Cal. Mar. 2, 2018), *appeal*

9    *dismissed,* No. 18-16128, 2018 WL 6624692 (9th Cir. Sept. 14, 2018).  Given the circumstances

10   here, the Court concludes it may issue the emergency provisional relief requested, pending further

11   examination of its jurisdiction.

## II.    LEGAL STANDARD

13          The same legal standard applies to a motion for a temporary restraining order and a motion

14   for a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832,

15   839 n.7 (9th Cir. 2001).  A plaintiff seeking either remedy "must establish that he is likely to

16   succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

17   relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

18   *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting

19   *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).  Injunctive relief is "an extraordinary

20   remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

21   *Winter*, 555 U.S. at 22.

22          To grant preliminary injunctive relief, a court must find that "a certain threshold showing

23   is made on each factor."  *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam).

24   Provided that this has occurred, in balancing the four factors, "'serious questions going to the

25   merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a

26   preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable

27   injury and that the injunction is in the public interest."  *Alliance for the Wild Rockies v. Cottrell*,

28   632 F.3d 1127, 1135 (9th Cir. 2011).

1        In addition, a movant seeking the issuance of an ex parte TRO must satisfy Federal Rule of

2    Civil Procedure 65(b), which requires a showing "that immediate and irreparable injury, loss, or

3    damage will result to the movant before the adverse party can be heard in opposition" and

4    certification of "efforts made to give notice and the reasons why it should not be required."  Fed.

5    R. Civ. P. 65(b)(1).

6    **III.    DISCUSSION**

7        The Court first addresses Petitioners' likelihood of prevailing on the merits.  Their basis

8    for seeking relief is that the Immigration Judge lacked jurisdiction to enter an order of removal

9    because the NTAs Petitioners received did not specify a time or date.  In making this argument,

10    Petitioners rely on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  There, the Supreme Court held

11    that "a putative notice to appear that fails to designate the specific time or place of the noncitizen's

12    removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the

13    stop-time rule" set forth in 8 U.S.C. § 1229b.  138 S. Ct. at 2113-14.  Petitioners seek to extend

14    *Pereira*'s reasoning beyond the stop-time rule context and ask the Court to hold that an NTA's

15    failure to include the required information renders the NTA a nullity for all purposes and deprives

16    the Immigration Judge of jurisdiction to enter a removal order.

17        There is some support for Petitioner's position in the context of criminal prosecutions for

18    illegal reentry pursuant to 8 U.S.C. § 1326.  "[S]everal district courts since *Pereira* have relied on

19    *Pereira* to grant a defendant's motion to dismiss an 8 U.S.C. § 1326 indictment when the notice to

20    appear in the underlying removal proceeding failed to include the time and date of the hearing."

21    *United States v. Rojas Osorio*, No. 17-CR-00507-LHK-1, 2018 WL 6069935, at *3 (N.D. Cal.

22    Nov. 20, 2018) (collecting cases); *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164, 1166

23    (E.D. Wash. 2018); *but see United States v. Zapata-Cortinas*, No. SA-18-CR-00343-OLG, 2018

24    WL 6061076, at *7 (W.D. Tex. Nov. 20, 2018) (requiring the defendant to comply with the

25    collateral attack provisions of 8 U.S.C. § 1326(d)).

26        Outside the § 1326 context, however, the legal landscape is decidedly less friendly to

27    Petitioners.  The habeas and other immigration cases this Court has found have rejected the

28    expansion of *Pereira* beyond its facts.  *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 (5th

1 Cir. 2018) ("Because the issues in this case pertain only to reopening, *Pereira*'s rule regarding

2 cancellation is inapplicable."); *Ramat v. Nielsen*, 317 F. Supp. 3d 1111, 1117 (S.D. Cal. 2018)

3 ("Nothing in *Pereira* suggests that the failure to specify the date and time of removal proceedings

4 in 8 U.S.C. § 1229(a) voids the commencement of removal proceedings."); *Jorge S. v. Sec'y of*

5 *Homeland Sec.*, No. 18-CV-1842 (SRN/HB), 2018 WL 6332717, at \*7 (D. Minn. Nov. 15, 2018),

6 *report and recommendation adopted*, No. 18-CV-1842 (SRN/HB), 2018 WL 6332507 (D. Minn.

7 Dec. 4, 2018) ("Jorge S. stretches the reasoning of *Pereira* beyond the breaking point."); *Sigal v.*

8 *Searls*, No. 1:18-CV-00389 EAW, 2018 WL 5831326, at \*8 (W.D.N.Y. Nov. 7, 2018) ("Petitioner

9 urges this Court to read *Pereira* for the broad proposition that a notice to appear . . . that states that

10 the time and place of the removal proceedings are to be determined fails to vest jurisdiction with

11 the immigration court . . . . Nothing in *Pereira* supports such a conclusion.").

12    Furthermore, the Board of Immigration Appeals recently issued a precedential opinion

13 rejecting Petitioners' argument. In *Matter of Bermudez-Cota*, the Board held that an NTA "that

14 does not specify the time and place of an alien's initial removal hearing vests an Immigration

15 Judge with jurisdiction over the removal proceedings and meets the requirements of [8 U.S.C.

16 § 1229(a)], so long as a notice of hearing specifying this information is later sent to the alien." 27

17 I. & N. Dec. 441, 447 (B.I.A. 2018). And the Sixth Circuit, in a published decision, applied

18 *Chevron* deference to *Bermudez-Cota* in rejecting an argument similar to the one made here by

19 Petitioners. *Hernandez-Perez v. Whitaker*, No. 18-3137, 2018 WL 6580478, at \*5 (6th Cir. Dec.

20 14, 2018).[2]

21    Although the preceding discussion is necessarily brief and incomplete, given the time

22 constraints imposed on the Court by this application, the Court's review thus far does not convince

23 the Court that Petitioners are likely to prevail on the merits. Nonetheless, *Pereira* provides at least

24

25

26 [2] *Hernandez-Perez* held that "jurisdiction vests with the immigration court where, as here, the
mandatory information about the time of the hearing, *see* 8 U.S.C. § 1229(a), is provided in a
Notice of Hearing issued after the NTA." *Id.* Neither the petitioner nor the TRO application in
27 this case provide any information about whether Petitioners received a Notice of Hearing
following the NTA or, if so, what information that notice contained.

28

5

1  some support for Petitioners' position, and neither the Ninth Circuit nor the Supreme Court have

2  addressed the question.  The Court therefore finds that Petitioners have established that there are

3  serious questions going to the merits.

4  The Court also finds that Petitioners are likely to suffer irreparable harm unless the Court

5  issues a TRO.  The Lead Petitioner has very recently undergone abdominal surgery, and her

6  doctors have advised her not to travel until January 7, 2019.[3]

7  The Court turns to the final two *Winter* factors.  "When the government is a party, these

8  last two factors merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

9  Here, the balance of the equities and the public interest favor granting a TRO.  On the one hand, as

10 previously noted, Lead Petitioner's medical needs dictate that she not travel for a brief period of

11 time.  On the other hand, if the Court reaches a contrary conclusion to the one it reaches today

12 after briefing and hearing, the only harm is that Petitioners' removal will have been delayed for

13 that brief period.

14 Accordingly, the Court grants the application for a temporary restraining order.  Although

15 the Government has not had an opportunity to oppose the application, the Court finds, for the

16 reasons stated above, that "specific facts in an affidavit or a verified complaint clearly show that

17 immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P.

18 65(b)(1)(A).

19 **CONCLUSION**

20 For the foregoing reasons, the Court GRANTS the Petitioners' motion for a temporary

21

22 [3] Petitioners also list as an irreparable harm that they

23      would suffer irreparable harm absent a TRO.  The Petitioners would
        loose [sic] their opportunity to litigate their claim if they are
24      removed prior to a decision on their Motion to Reopen. *See* 8 C.F.R.
        § 1003.2(d) (a Motion to Reopen is considered withdrawn if the
25      applicant departs the United States while it is pending).

26 ECF No. 3 at 4.  The Court does not consider this argument because the Ninth Circuit has held that
   8 C.F.R. 1003.2(d)'s "regulatory departure bar is invalid irrespective of the manner in which the
27 movant departed the United States, as it conflicts with clear and unambiguous statutory text."
   *Toor v. Lynch*, 789 F.3d 1055, 1064 (9th Cir. 2015).
28

6

1   restraining order.  The Court hereby ENJOINS Defendants, and their agents and employees, from

2   removing Petitioners from the United States.

3          This Temporary Restraining Order shall take effect immediately and shall remain in effect

4   until January 11, 2019 or further order of this Court.

5   **ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

6          Defendants, and each of them, is hereby ORDERED TO SHOW CAUSE on January 10,

7   2019, at 9:30 a.m., or as soon thereafter as counsel may be heard in the courtroom of the

8   Honorable Jon S. Tigar, located at 450 Golden Gate Avenue, San Francisco, California, why they,

9   and each of them, and their agents and employees, should not be enjoined from removing

10  Petitioners from the United States during the pendency of this proceeding.

11         Rule 65(c) of the Federal Rules of Civil Procedure provides that a district court may grant

12  a preliminary injunction "only if the movant gives security in an amount that the court considers

13  proper to pay the costs and damages sustained by any party found to have been wrongfully

14  enjoined or restrained." Fed. R. Civ. P. 65(c).  The district court retains discretion "as to the

15  amount of security required, *if any*." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009)

16  (internal quotation marks and citations omitted) (emphasis in original).  In this case, the Court

17  declines to order the posting of security.  The Court will reconsider that question at the

18  preliminary injunction stage if Defendants so request.

19         Defendants' opposition to the preliminary injunction is due January 4, 2019.  Petitioners'

20  reply is due January 8, 2019.

21         **IT IS SO ORDERED.**

22  Dated:  December 28, 2018

23  _____
      JON S. TIGAR

24       United States District Judge

25

26

27

28